NOTICE

Decision filed 12/26/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 241223-U

NO. 5-24-1223

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|---|---|---|
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Franklin County. |
| | ) | |
| v. | ) | No. 19-CF-20 |
| | ) | |
| STEVEN D. SNEED, | ) | Honorable |
| | ) | Thomas J. Tedeschi, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE HACKETT delivered the judgment of the court.
Justices Moore and Sholar concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Where the defendant was denied his right to effective assistance of counsel because his counsel labored under a conflict of interest at the second amended motion to reconsider sentence hearing, the trial court's denial of the defendant's second amended motion to reconsider sentence is vacated, and the case is remanded for the appointment of new counsel and further proceedings.

¶ 2    The defendant, Steven Sneed, following a jury trial, was found guilty of one count of predatory criminal sexual assault of a child, a Class X felony. At the sentencing hearing, the trial court sentenced the defendant to 48 years in prison. Originally, the defendant filed a *pro se* motion to reconsider sentence, alleging, *inter alia*, that defense counsel provided ineffective assistance of counsel before the trial and sentencing hearing. Defense counsel filed an amended motion to reconsider sentence, which the trial court denied following a hearing. The defendant appealed that decision to this court, and this court remanded the matter to the trial court for a hearing pursuant

1

to *People v. Krankel*, 102 Ill. 2d 181 (1984), on the defendant's various claims of ineffective assistance of counsel, as enumerated in his original *pro se* motion. At the *Krankel* hearing, the trial court determined that the defendant's claims either lacked merit or pertained to trial strategy, and that defense counsel would remain the defendant's attorney. Defense counsel filed a second amended motion to reconsider sentence, which the trial court denied following a hearing. The defendant now appeals the trial court's denial of his second amended motion to reconsider sentence, arguing that he was denied his right to effective assistance of counsel because defense counsel labored under a conflict of interest at the second amended motion hearing. In its appellate brief to this court, the State concedes the issue. Accordingly, we vacate the trial court's denial of the defendant's second amended motion to reconsider sentence and remand for the appointment of new counsel and further proceedings.

¶ 3                                I. BACKGROUND

¶ 4     On January 18, 2019, a Franklin County grand jury charged the defendant via indictment with one count of predatory criminal sexual assault of a child, a Class X felony. See 720 ILCS 5/11-1.40(a)(1) (West 2016). On August 22, 2022, the trial court commenced a jury trial, and on August 24, 2022, the jury returned a guilty verdict against the defendant. On August 30, 2022, the trial court entered a judgment of conviction against the defendant.

¶ 5     At the sentencing hearing on January 19, 2023, the only evidence presented was the victim's impact statement. After argument, defense counsel told the trial court that he had "spoken with [the defendant] about his right to make a statement" and asked the defendant "to inform the [c]ourt whether [he was] going to exercise that right." The trial court confirmed with the defendant that the defendant had "the right to make a statement to the [c]ourt, if [he wished]." After an off-the-record discussion between defense counsel and the defendant, defense counsel told the court

2

that the defendant was "going to elect not to make a statement at this time." The court asked the defendant to confirm if that was correct, to which the defendant responded: "[y]es, that's fine." The trial court then sentenced the defendant to 48 years in prison, to be followed by a 4-year term of mandatory supervised release (MSR).

¶ 6 On February 1, 2023, the defendant filed a *pro se* motion to reconsider sentence, arguing that (1) defense counsel did not speak to him prior to his last two court dates, (2) defense counsel did not tell him to be prepared to make a statement at the sentencing hearing, (3) his sentence was improperly based on a repeat offender classification, (4) he was not guilty of the charged offense, and (5) defense counsel wrongly informed him that the charge in the instant case would be dropped if he took a plea agreement in a related separate case (case No. 18-CF-470), which he did. At a status hearing on March 23, 2023, defense counsel was granted leave to file an amended motion to reconsider sentence, which he filed on May 9, 2023. The amended motion argued solely that the defendant "alleges that [defense counsel] failed to properly prepare [the defendant] for the sentencing hearing." At the May 10, 2023, hearing on the amended motion, defense counsel informed the trial court of the defendant's allegation that the defendant had not been "properly advised as to what would go on in the sentencing hearing, specifically with regard to his right to make a statement in allocution," and argued that, if the defendant had truly not been "fully advised" about his right to speak at the sentencing hearing, "that would [have been] greatly to his detriment." Defense counsel asked the court "to reconsider [the defendant's] sentence in light of that." The trial court denied the defendant's amended motion, and the defendant appealed that decision to this court.

¶ 7 On June 18, 2024, this court issued a summary order vacating the trial court's denial of the defendant's motion and remanding for a preliminary *Krankel* inquiry into the defendant's

3

ineffective assistance of counsel claims enumerated in his original *pro se* motion. On August 15, 2024, upon remand, the trial court held a preliminary *Krankel* inquiry, during which the defendant maintained the ineffective assistance of counsel claims made in his original *pro se* motion to reconsider sentence, including the claim that defense counsel failed to inform him to be prepared to make a statement at the sentencing hearing. The trial court denied the defendant any *Krankel* relief, finding that the defendant's claims either lacked merit or pertained only to trial strategy. On September 30, 2024, the defendant filed a motion to reconsider the *Krankel* hearing. On October 10, 2024, the trial court denied the motion and affirmed defense counsel as the defendant's court-appointed attorney.

¶ 8      On November 7, 2024, defense counsel filed a second amended motion to reconsider sentence on the defendant's behalf. As in the first amended motion, the second amended motion argued solely that the defendant "alleges that [defense counsel] failed to properly prepare [the defendant] for the [s]entencing [h]earing."

¶ 9      On November 15, 2024, the trial court held a hearing on the second amended motion to reconsider sentence. On direct examination, the defendant testified that he had not been adequately advised of his right to make a statement at the end of the sentencing hearing and that, had he been sufficiently advised, he "would have had something to say." Defense counsel only asked the defendant four substantive questions before concluding direct examination. The State declined to conduct cross-examination or present evidence. Defense counsel commented that while it was his "practice to advise all clients" of their right to make statements in allocution at sentencing hearings, he nevertheless took the defendant's contention that he had not been advised thus as "accurate." Defense counsel noted that the trial court had "heard [the defendant] speak many times and [knew] that he [did] often have a lot to say." Defense counsel then argued that the defendant's alleged lack

of knowledge surrounding his right to speak at the sentencing hearing was concerning, as "that knowledge *** could have affected his situation for the better." Defense counsel asked the trial court "to reconsider [the defendant's] sentence at this time based on that information."

¶ 10    The State argued that the defendant's motion neither presented new evidence nor alleged errors made during the sentencing hearing. The State also pointed out that the sentencing hearing transcript contradicted the defendant's claim, as defense counsel told the trial court at the sentencing hearing that defense counsel had spoken with the defendant about his right to make a statement. Finally, the State reminded the trial court that the defendant "had been through the entire sentencing hearing process previously" in a separate related case. The State remained unconvinced of the defendant's allegation and asked the court to deny the defendant's motion.

¶ 11    In response, defense counsel argued that the defendant had often complained to the trial court about lapses in his memory, and asserted that "the specific issue brought up in the second amended motion [was] not that [the defendant] was not told that he [had] an opportunity to make the statement[,] but that he was not sufficiently prepared to make that statement." The court found no grounds to grant the second amended motion to reconsider sentence and thus accordingly denied the motion. The defendant appeals.

¶ 12                                II. ANALYSIS

¶ 13    On appeal, the defendant argues that this court should vacate the trial court's denial of his second amended motion to reconsider sentence and remand for the appointment of new counsel and further proceedings where he was denied his right to effective assistance of counsel because defense counsel labored under a conflict of interest at the second amended motion hearing. In its appellate brief to this court, the State concedes the issue. "On appeal, we review *de novo* whether

5

an attorney was laboring under a conflict of interest." *People v. Garcia*, 2018 IL App (5th) 150363, ¶ 26.

¶ 14    A criminal defendant's constitutional right to effective assistance of counsel encompasses the right to conflict-free counsel. *Id.* ¶ 28. Where the defendant has been denied his constitutional right to conflict-free counsel, and the conflict adversely affects the attorney's performance during posttrial proceedings, this court is "constitutionally obligated to vacate the lower court's order denying posttrial relief and remand for the appointment of conflict-free posttrial counsel and for a new posttrial hearing." *Id.* ¶ 48. An attorney's conflict of interest may be *per se* or actual. *Id.* ¶ 28. Here, the defendant asserts that defense counsel labored under an actual conflict of interest at the second amended motion hearing.

¶ 15    A defendant may establish a violation of his right to effective assistance of counsel "by showing an actual conflict of interest that adversely affected his counsel's performance." *People v. Hernandez*, 231 Ill. 2d 134, 144 (2008). "To show an actual conflict of interest, a defendant must point to ' "some specific defect in his counsel's strategy, tactics, or decision making attributable to [a] conflict." ' " *Id.* (quoting *People v. Morales*, 209 Ill. 2d 340, 349 (2004) quoting *People v. Spreitzer*, 123 Ill. 2d, 1, 18 (1988)).

¶ 16    In *People v. Brown*, 2017 IL App (3d) 140921, defendant was convicted of domestic battery and filed a *pro se* posttrial letter in which he claimed, among other things, that one of his witnesses had not been called to testify. Prior to sentencing, defendant's counsel made an oral motion to set aside the verdict and adopted the claim from defendant's *pro se* letter as part of her motion. When asked by the court to present evidence with respect to the motion, counsel elected to proceed by proffer instead. In her proffer, counsel characterized her failure to identify and call defendant's witness as the result of a "miscommunication" between her and defendant. The court

6

denied defendant's motion, commenting that miscommunication was not sufficient grounds to set aside a verdict, and defendant appealed to the Third District Appellate Court.

¶ 17    On appeal, defendant argued that his attorney was constitutionally ineffective in that she proceeded under a conflict of interest in posttrial proceedings when she had to argue her own ineffectiveness at trial. The *Brown* court agreed, determining that counsel's motion was premised solely on her own ineffectiveness at trial and that counsel was therefore obligated to show both prongs of the *Strickland* standard: that her performance was constitutionally deficient and that, but for her deficient performance, a reasonable likelihood existed that the result of defendant's trial would have been different. *Brown*, 2017 IL App (3d) 140921, ¶ 32; *Strickland v. Washington*, 466 U.S. 668 (1984). The court found that counsel failed to make any reasonable effort to show either of the *Strickland* prongs, instead blaming defendant and a "miscommunication" between them. *Brown*, 2017 IL App (3d) 140921, ¶ 33. The court also noted that counsel failed to present evidence supporting the motion. *Id.* The court concluded that these "clear and obvious defects in counsel's performance were attributable to the conflict of interest inherent in arguing her own ineffectiveness." *Id.* The court opined that counsel was "certainly under no obligation to raise" the issue of her own ineffectiveness in a posttrial proceeding, but that "once counsel *did* choose to raise the issue of her own ineffectiveness, she had a duty to zealously represent her client in that proceeding." (Emphasis in original.) *Id.* ¶ 34.

¶ 18    Similarly, in *Garcia*, this court found an actual conflict of interest where defense counsel failed in posttrial proceedings to "zealously argue" his own ineffectiveness at trial. *Garcia*, 2018 IL App (5th) 150363, ¶ 47. In *Garcia*, counsel failed to object to inadmissible video evidence at trial. Counsel filed a posttrial motion solely premised on this error, which he characterized as plain error instead of his own ineffectiveness. *Id.* ¶¶ 2, 39. For the motion to prevail, counsel had to

7

show both prongs of the *Strickland* standard; however, counsel "did not make any effort to show either prong." *Id.* ¶ 39. Instead, counsel declined to present any evidence and emphasized to the circuit court that he was not "casting blame on anyone" for the error at trial. *Id.* ¶ 41. The circuit court denied the motion. *Id.* ¶ 24. On appeal, this court found that defense counsel's "failure to effectively present the issue" was "attributable to his reluctance to prove his own ineffectiveness." *Id.* ¶ 42.

¶ 19　　In the instant case, we find, in line with *Brown* and *Garcia*, that defense counsel operated under an actual conflict of interest at the second amended motion hearing where he failed to effectively present the defendant's claim of ineffective assistance of counsel at the sentencing hearing. At the second amended motion hearing, defense counsel only asked the defendant four substantive questions before concluding direct examination and declined to put on any other evidence. During argument, defense counsel qualified the defendant's claim by stating that, while he accepted the defendant's allegation as true, it contradicted defense counsel's usual practice of advising his clients of their rights at sentencing hearings. Finally, defense counsel significantly mischaracterized the issue raised in the motion, wrongly asserting that "the specific issue *** [was] not that [the defendant] was not told that he [had] an opportunity to make the statement[,] but that he was not sufficiently prepared to make that statement." We find that these failures were attributable to a conflict of interest on defense counsel's part.

¶ 20　　Upon *de novo* review, we agree with the defendant's argument and accept the State's concession that defense counsel labored under an actual conflict of interest at the second amended motion hearing. We are therefore obligated to vacate the trial court's denial of the defendant's second amended motion to reconsider sentence and remand for the appointment of new counsel and further proceedings.

8

¶ 21                                    III. CONCLUSION

¶ 22    The defendant was denied his right to effective assistance of counsel where his counsel labored under a conflict of interest at the second amended motion to reconsider sentence hearing. Accordingly, we vacate the trial court's denial of the defendant's second amended motion to reconsider sentence and remand for the appointment of new counsel and further proceedings.


¶ 23    Vacated; cause remanded.